892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Tony HARRIS, Petitioner-Appellant,
v.
Samuel LEWIS, Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 88-15611.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 22, 1989.*
Decided Dec. 14, 1989.
 
 Before JAMES R. BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harris was convicted of the crime of first degree burglary (burglary while armed with a deadly weapon). He claims that he stole the weapon and removed it from the residence along with other items of property, therefore the weapon was "loot" and he was not "armed" within the Arizona first-degree burglary statute. For that reason he contends that the trial court's failure to instruct on the meaning of "armed" was a fundamental error which violated his right to due process under the Fourteenth Amendment.
 
 
 3
 A petitioner challenging the correctness of jury instructions is not entitled to federal habeas corpus relief unless "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973). In determining the validity of jury instructions "a single instruction to a jury must be viewed in the context of the overall charge." Id. at 146.
 
 
 4
 The trial court properly instructed on first and second degree burglary, and defined "dangerous instrument" and "deadly weapon." Viewed in the context of the overall charge to the jury, the failure to define "armed" did not rise to the level of a federal due process violation.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3